| | |
|---|---|
| **WEISBERG LAW** | **HOPKINS & SCHAFKOPF, LLC** |
| Matthew B. Weisberg, Attorney ID No.: 85570 | Gary Schafkopf, Attorney ID No. 83362 |
| 7 South Morton Ave. | 11 Bala Ave |
| Morton, PA 19070 | Bala Cynwyd, PA 19004 |
| 610-690-0801 | 610-664-5200 Ext 104 |
| Fax: 610-690-0880 | Fax: 888-283-1334 |
| **Attorney for Plaintiffs** | **Attorney for Plaintiffs** |

### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL STALLMAN** <br> 1510 Friendsville Addison Road <br> Friendsville, MD 21531 <br><br> Plaintiff <br><br> v. <br><br> **LAW OFFICE OF THEODORE KROL, ESQ.** <br> 326 Allegheny Street <br> Hollidaysburg, PA 16648 <br><br> and <br><br> **THEODORE KROL, ESQ.** <br> 326 Allegheny Street <br> Hollidaysburg, PA 16648 <br><br> and <br><br> **JOHN DOES 1-10** <br><br> Defendants | **No.**   3:17-cv-64 <br><br> **JURY TRIAL DEMANDED** |

### CIVIL ACTION

### PARTIES

1. Plaintiff, Carl Stallman, is an adult residing at the address set forth above, and a citizen of the state of Maryland.

2. Defendant, Theodore Kroll Esq., is an individual and a licensed Pennsylvania attorney with an address set forth above.

3. Defendant Law Office of Theodore Krol is a law firm with a business address set forth above.

4. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below, Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

## JURISDICTION and VENUE

5. Venue is proper in the in The United States District Court for The Western District of Pennsylvania because this is where the transactions and occurrences that give rise to the cause of action have taken place.

6. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and jurisdiction of this Honorable Court is based on diversity of citizenship. 28 U.S.C. § 1332.

## OPERATIVE FACTS

7. In 2009, Plaintiff Carl Stallman hired Defendant Theodore Krol, Esq. to represent him in a Family Law matter revolving around the custody of his child in his separation from Stallman's former partner.

8. With Defendant's assistance, Stallman was granted a fifty-fifty split of custody of his child.

9. In July 2011, Stallman discovered evidence of his former partner performing lewd acts in front of their child, and immediately petitioned the court for full custody of his child.

10. In October 2011, Stallman's former partner filed a complaint accusing Stallman of subjecting their child to inappropriate material.  As a result of this complaint, Stallman was charged with corruption of a minor, and possession of obscene material.

11. Stallman hired Defendant Krol to represent him in this matter, initially providing Krol with a retainer to represent him.

12. Proclaiming his innocence in this matter, Stallman rejected a plea offer of 6-12 months of jail time, and proceeded to trial.

13. In the beginning of April 2012, Stallman provides Krol with an additional $900 for his services at Krol's request.

14. In April 2012, the trial began.  As a Jury was selected, and instruction began for the case, Stallman was removed to another room where Krol met with Stallman.  At this time, he informed Stallman that he required more money in order to continue to represent him.  Stallman informed Krol that he had no more money to pay Krol, and that he had just provided him with an additional $900.  Krol advised Stallman to then take a plea as Krol did not believe the case could be won at trial.

15. Stallman agreed to a guilty plea, and was sentenced to 18-36 months of jail time.

16. During the conversation between attorneys and the judge prior to the acceptance of a guilty plea, and sentencing, the attorneys discussed the registration of the Plaintiff to

the Sexual Offenders List, under their belief that the crimes arose to the level covered by Megan's Law.

17. The crimes that Stallman was convicted of, however, did not rise to the definitions spelled out in Meghan's Law.

18. Despite this fact, the Judge asked Defendant Krol if there was any objection.

19. Defendant Krol raised no objection, despite being aware, or at least should have been aware, that the crimes did not rise to definition of Megan's Law.

20. Stallman was then added to the Registry of Sex Offenders in Pennsylvania after the judge approved the Request of the Prosecutor, with no objection from the Defendant Krol.

21. Stallman then served time until mid-2015.

22. Stallman moved from Pennsylvania to West Virigina, and then later Maryland.  Each time, he was required to register in those states as a Sex Offender due to his status in Pennsylvania.

23. Upon his release in 2015, Stallman hired a new attorney, Mark Zearfaus, Esq., who filed a motion to vacate his status as a Sex Offender in Pennsylvania.

24. In June 2016, the motion is heard by the same court who had placed Stallman on the list, and is granted, and his name is removed from the Sex Offender Registry in Pennsylvania.  Stallman's status is also removed in West Virginia as well.

25. Currently, he is still listed as a Sex Offender in Maryland.

26. Due to his listing as a Sex Offender in Maryland, and during the time he spent listed as a Sex Offender in West Virginia and Pennsylvania, he was unable to take his children to the park, accompany them on school trips, go near playgrounds, and has

been limited financially in his profession, as he was unable to secure certain jobs due to his status as a Sex Offender. He has also had to suffer the presence of monthly inspections from Law Enforcement Officers due to his status, and the embarrassment of their presence in the view of his neighbors.

27. Stallman has had to hire additional lawyers to combat and remove his status as a Sex Offender. In addition he has had to take off from work in order to meet court dates.

## COUNT I
## LEGAL MALPRACTICE/NEGLIGENCE

28. Plaintiff repeats and re-alleges each of the preceding paragraphs of this Complaint as if set forth at length.

29. Defendant owed Plaintiffs a duty of care.

30. As fully set forth above, Defendant failed to render legal services to Plaintiff in accordance to the standard of care required of attorneys.

31. As a direct and proximate result of Defendant Attorneys' legal malpractice aforesaid, Plaintiff was harmed and suffered significant damages, as well as other consequential and incidental damages, both financially, and to his character.

32. Defendant knew or should have known that their actions and omissions aforesaid had an extremely high degree of probability of causing harm to Plaintiffs.

33. Defendant acted in reckless indifference to the consequences of their actions and omissions aforesaid, meriting the imposition of punitive damages against them.

## COUNT II
## BREACH OF FIDUCIARY DUTY

34. Plaintiff repeats and re-alleges each of the proceeding paragraphs of this Complaint as if set forth at length.

35. Plaintiff and Defendant had a fiduciary relationship.

36. Defendant breached their fiduciary duties owed to Plaintiff, as more fully set forth above, and also acted in a violation of the Pennsylvania Rules of Professional Conduct.

37. As a direct and proximate result of Defendant breach of fiduciary duty aforesaid, Plaintiff has been harmed and continues to be harmed, and has incurred significant damages, as well as other consequential damages.

38. Defendant knew or should have known their actions and omissions aforesaid had an extremely high degree of probability of causing harm to Plaintiff.

39. Defendant acted in reckless indifference to the consequences of their actions.

## COUNT III
## BREACH OF CONTRACT/QUASI-CONTRACT

40. Plaintiff repeats and re-alleges each of the proceeding paragraphs of this Complaint as if set forth at length.

41. Plaintiff and Defendant entered into a contract for legal services.

42. Defendant's aforementioned conduct constitutes a breach (express, implied, or as a matter of law) of that agreement to provide competent and effective legal services, as well as a breach of the covenant of good faith and fair dealing.

43. As a direct and proximate cause of the aforesaid (incorporated by reference), Plaintiff has been damaged (as set forth above).

**WHEREFORE,** Plaintiff demands judgment against Defendants, individually, jointly and severally, awarding compensatory and punitive damages in the amount to be determined at trial, reasonable attorney's fees and costs, plus equitable relief.

Respectfully Submitted,

| **WEISBERG LAW** | **HOPKINS & SCHAFKOPF, LLC** |
|---|---|
| BY: /s/ David A. Berlin | BY: /s/ Gary Schafkopf |
| DAVID A. BERLIN, ESQ | GARY SCHAFKOPF, ESQ. |
| DATED: 4/17/2017 | DATED: 4/17/2017 |